## BRESSLER v. KELLY.

[No. 5,022.   Filed December 8, 1904.]

CONTRACTS.—*Partnership.—Breach.—Damages.*—Where, in an action by a member of a partnership for damages for breach of a contract for the purchase of his interest, it is shown that the contract sued on had never been completed, and that the final terms thereof had never been adjusted, such cause of action fails, since the plaintiff in such suit must prove a contract complete in all of its terms.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by John F. Bressler against Jacob Kelly. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*T. M. Talcott, Jr.,* and *G. R. Fish,* for appellant.
*E. A. Howard* and *Hubbard & Hubbard,* for appellee.

ROBINSON, P. J.—Suit by appellant for damages for breach of a contract to purchase a stock of merchandise.

The correctness of the court's conclusion of law in appellee's favor on the special finding of facts is the only question presented.

On September 9, 1901, appellant and one William W. Kelly entered into a partnership in the merchandise business, and purchased the stock of the prior firm of Bressler & Bressler, composed of appellant and another. The new firm did not assume or agree to pay any of the debts of the old firm. Afterwards the new firm executed a chattel mortgage upon its stock to certain bankers in the sum of $1,300. Bressler requested Kelly to execute the mortgage, and stated to him that the mortgage was for a loan of money to Bressler & Kelly, but in fact the consideration was a note for $530 due from the old firm to the bankers, and an overdraft by the old firm on the bankers for $643.13; making a total of $1,173.13 of debts of the old firm which were evidenced by the chattel mortgage, and only the residue of $126.87 was for the use of the new firm. Afterwards, March 29, 1902, the bankers took possession of the stock under the mortgage and placed one Tromp in possession as their agent. On March 31, 1902, appellee purchased the mortgage debt and security of the bankers, and the same was assigned to him, Tromp remaining in possession as appellee's agent. On April 1, 1902, appellant, appellee and William W. Kelly entered into a writen contract which recited that whereas Bresler & Kelly were desirous of dissolving their partnership, it was agreed that the dissolution should be effected as follows: (a) An inventory of their stock, fixtures and furnishings should be taken at its actual cost; (b) an inventory of all their debts and liabilities; (c) that the difference between the assets and liabilities thus obtained should be divided equally between the partners. It was further agreed in the contract between the firm and appellee that in consideration of $1 "and other good and valuable consideration" appellee would purchase from the firm the stock, fixtures

and good-will of the business, by assuming all the firm debts inventoried as above provided, and paying the difference between the assets and liabilities as above provided, and an additional ten per cent. for freight and drayage, such difference to be paid one-half to each partner thirty days after the date of the contract, possession to be given as soon as inventory was "taken and matters adjusted." At the time the agreement was made the stock was being inventoried, and was afterwards finished, and amounted to $5,409.10. The firm debts and liabilities were then inventoried by Tromp, and amounted to $3,979.14. It was understood that there was an account for insurance, one for coal, one due a firm for goods, and other small bills which were left for subsequent ascertainment and adjustment. Among the debts inventoried was $108.88 due from appellant to the firm, a note for $400 executed by the firm to the partner Kelly; also an item of $1,218.90 was marked on the inventory as an indebtedness of the firm, being the mortgage and notes given to the bankers; that the members of the firm disagreed as to the indebtedness of $1,218.90 (appellant insisted the item was a debt of the firm, and Kelly insisted it was the debt of appellant), that the partners disagreed, and made no adjustment at the time, or at any time, of their partnership liabilities, nor of their partnership balances. Appellee thereafter remained in possession of the stock under the mortgage, and thereafter purchased and caused to be assigned to him the general debts of the firm excepting the items of $108.88 and note for $400, and an attorney fee of $50, which was paid without assignment. Thereafter appellee sold and assigned the chattel mortgage to William W. Kelly and one Francis Allen, who took, and have since had possession of, the stock. Prior to the commencement of this suit, appellant demanded of appellee any amount that might be found due him under the contract, which appellee refused to pay. A few days after April 1, William W. Kelly notified appellee

in the hearing of appellant not to pay appellant any sum of money, as there had been no adjustment of their partnership liabilities, and that nothing was due him.

The complaint avers the execution of the contract of April 1, 1902, making the same an exhibit; that the assets and liabilities were duly ascertained as provided therein, and the amount to be paid the partners was found to be $1,600, and the possession and title of the property and business was on that day transferred to appellee, who accepted and has since had the same; that on April 1 the partnership was dissolved; that appellant has performed all the conditions of the agreement on his part to be performed; that appellee, on the 1st day of May, 1902, failed and refused to pay appellant $800 as his part of the purchase price, and still refuses to pay the same, though often demanded. Appellee answered by general denial.

Had the court found the material averments of the complaint to be true, a conclusion of law should have followed in appellant's favor. But it is clear that appellee could not be required to carry out his part of the agreement until the assets and liabilities of the firm were duly ascertained as provided in the agreement. And the court expressly finds that the partners disagreed, and made no adjustment at the time, or at any time, of their partnership liabilities, or of their partnership balances. The finding as to the negotiations between the partners in an attempt to settle the partnership liabilities is not material, for the fact is found that they never did adjust them. The complaint is on the theory that the liabilities were adjusted, and the finding shows that they were not adjusted. The complaint tenders no issue as to how the liabilities of the firm should be settled, nor do we understand that the finding undertakes to adjust them. The finding may contain some matters of evidence concerning the liabilities, but the fact is found that some of the partnership liabilities were never adjusted nor ascertained, and by the agreement appellee was not bound

to pay any sum of money until the liabilities were adjusted. The complaint is on the theory that appellee took possession of the stock under the contract, but the finding shows that his possession was under the chattel mortgage executed to the bankers, and assigned to him. The finding shows that the partnership liabilities had never been determined and adjusted, and until that was done appellee could not be required to pay anything under the agreement. No attempt has been made to bring the evidence into the record, and upon the finding the conclusion of law is right.

Judgment affirmed.